# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re:* **K.L., D.L., T.C., A.L, B.L., K.L., and R.L.**

**No. 12-0740** (Lewis County 11-JA-8, 9, 10, 11, 12, 13 & 14)

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel W. Jesse Forbes and Barbara A. Harmon-Schamberger, from the Circuit Court of Lewis County, which terminated Petitioner Mother's parental rights by order entered on May 14, 2012. The guardian ad litem for the children, Kourtney A. Ryan, has filed a response on behalf of the children supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, and non-offending father of child T.C., by his counsel Trena Williams, also filed responses in support of termination. Petitioner Mother thereafter filed a reply to these responses.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2011, child A.L. was reported missing. DHHR subsequently filed the abuse and neglect petition in October of 2011, alleging imminent danger to the remaining children in their parents' care. Neither parent was able to provide an explanation of A.L.'s disappearance, only explaining that she had been in her bed the evening before and had been ill and throwing up. When Petitioner Mother checked on her in the morning, she was no longer in her bed and could not be found. DHHR also stated in its petition that Petitioner Mother previously reported that the children's father attempted to cut Petitioner Mother's throat, yet she and the children continued to live with him.[1] At adjudication, the children's dentist testified that some of the children had irreversible tooth decay. At disposition in May of 2012, A.L. was still missing without explanation. The circuit court found that the parents had more knowledge about A.L.'s whereabouts than they revealed but refused to provide that information to the court. By its order entered on May 14, 2012, the circuit court terminated both parents' parental rights. Petitioner Mother appeals.

On appeal, Petitioner Mother argues several assignments of error. Petitioner Mother argues that there was insufficient evidence presented to support the circuit court's finding of abuse and/or neglect by petitioner and that the State failed to meet its burden of proof. Petitioner

---

[1] This man was the father of most of Petitioner Mother's children. The circuit court terminated his parental rights, too. Child T.C. has a different father who was a non-offending parent throughout the proceedings.

Mother asserts that evidence was not clear and convincing that she harmed or threatened her children's well-being: her children's tooth decay was timely reported, she called the authorities for help after her own search for A.L. failed, and no criminal charges have been filed against her. In response, the children's guardian ad litem, DHHR, and non-offending parent T.C. raise that there were no reports by anyone in the family that they heard the child struggle throughout the night, no belief from the parents that the child had been kidnapped, and it was reported that the windows and doors exiting the home were inaccessible to A.L. All respondents further highlight that Petitioner Mother has given conflicting statements about her daughter's disappearance and that she delayed in reporting the disappearance to authorities. Moreover, although neither parent has been able to provide an explanation, both have vaguely accused the other for A.L.'s disappearance. Respondents further respond that although criminal charges have not been filed, Petitioner Mother has not been cleared and that the standard for terminating parental rights is different than the standard for finding criminal culpability.

Next, Petitioner Mother argues that the circuit court erred in finding that there was no reasonable likelihood of correcting the alleged abuse and/or neglect through an improvement period. She also argues that there were less restrictive alternatives available to terminating her parental rights by placing the children with her mother. In support, Petitioner Mother asserts that her willingness to have participated in services warranted her an improvement period. Respondents argue that without explanation or correction of whatever issues created the situation that led to A.L.'s disappearance, there can be no assurance that the other children in the home can be safe in their parents' care. DHHR further argues that when a subject parent moves for an improvement period, he or she bears the burden to prove that one should be granted, and that accordingly, the circuit court did not abuse its discretion in denying Petitioner Mother an improvement period. With regard to an alternative placement for the children, respondents point out that the children's maternal grandmother was terminally ill throughout the proceedings and has since passed away.

Petitioner Mother further argues that the circuit court erred in admitting certain evidence, such as that of prior CPS investigations, the children's dental histories, and hearsay and polygraph evidence. She argues that evidence concerning prior Child Protective Services ("CPS") matters had not been discussed in the petition that initiated the abuse and neglect proceedings and Petitioner Mother was thus not given notice of the presentation of this evidence. In response, DHHR argues that in the case of *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991), this Court addressed the accepted use of prior, relevant CPS matters in abuse and neglect proceedings. The record also provides the DHHR petition that raises allegations concerning the parents' domestic violence issues and the children's tooth decay. Moreover, respondents assert that the police officers' testimony was in accordance with hearsay exception Rule 801(d)(2) of the West Virginia Rules of Evidence because such testimony concerned admissions by a party-opponent.

Petitioner Mother lastly argues that the circuit court erred in refusing to reopen the adjudicatory phase of the case after she offered relevant evidence as to her parenting history. Respondents argue that upon considering each counsel's arguments on Petitioner Mother's motion to reopen the case, it properly found that there was no new evidence to warrant reopening

adjudication and that the proper course would be for Petitioner Mother to file a direct appeal to this Court.

Petitioner Mother's reply brief reiterates the arguments set forth in her appellate brief and she reasserts that the basis behind this abuse and neglect case was the disappearance of A.L., not due to any dental records or prior domestic violence issues. She argues that the disappearance alone is not enough to show that Petitioner Mother did anything wrong or enough to terminate her parental rights.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

We find no error by the circuit court in terminating Petitioner Mother's parental rights. "[I]n the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.,* 206 W.Va. 478, 525 S.E.2d 669 (1999)). Under West Virginia Code § 49-6-12, circuit courts have the discretion to grant or deny subject parents an improvement period. "'[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). "[T]he primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children." Syl. Pt. 3, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). Our review of the record supports the circuit court's decision and we find no reversible error.

For the foregoing reasons, we affirm the circuit court's order terminating Petitioner Mother's parental rights to the subject children.

Affirmed.

**ISSUED:**  February 11, 2013


**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II